**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**VALLEY TECHNOLOGIES, LLC**                                                      **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 2:05CV117**

**BAXTER HEALTHCARE CORPORATION**                                     **DEFENDANT**

**ORDER**

This cause comes before the court on the motion of defendant Baxter Healthcare Corporation ("Baxter"), for partial summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Valley Technologies, LLC ("Valley") has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

This is a breach of contract action involving an agreement to manufacture a gasket application machine ("GAM") to be used by defendant Baxter to manufacture plastic pour bottles. In seeking partial summary judgment, Baxter contends that there exist no genuine issues of material fact regarding the breach of this contract by Valley and that it is entitled to judgment as a matter of law. In the court's view, however, this case is replete with disputed issues of fact, and summary judgment would therefore be inappropriate. While it is clear that Valley did contract in June, 2002 to built a GAM for Baxter for $128, 520, it is also apparent that inadequacies in the original design for the GAM (which had been agreed to by both parties) soon became apparent, requiring additional work on the machine. A primary dispute in this case

1

involves which party was required to assume the costs of performing these modifications, and, in addressing this issue at the summary judgment stage, this court is required to consider the facts in the light most favorable to Valley, as the non-moving party.

Valley contends that it had produced a functioning gasket application machine by August, 2003 and that Baxter ignored repeated invitations to inspect and test the machine. Valley alleges that, once the machine was inspected by Baxter, it was tested with "old, warped bottles" which skewed the results of the test. Valley further contends that the original terms of the contract were modified when one of Baxter's engineers sent a two-page list of modifications to be made to the design of the GAM and that performing these modifications cost it in excess of thirty thousand dollars. Baxter responds that, even assuming that its engineer did submit this list of changes to be made to the original design, Valley waived the right to seek additional payment for making such modifications by not submitting a claim for payment. However, Valley has submitted an affidavit indicating that such a claim for payment was in fact made, and it is thus apparent that fact issues exist on this issue as well. The court would also note that it is questionable, as a matter of equity, whether Baxter should be permitted to seek modifications to the original design which required a very significant amount of additional work (and the purchase of additional parts) on the part of Valley and then refuse to pay Valley any amount whatsoever for that additional work.[1] Baxter suggests that this is a clear-cut case of breach of contract on the part of Valley, but it is apparent that the facts and equities of this case are much less clear than Baxter

---

[1]This court will reserve judgment on the extent to which considerations of equity might be relevant in the present context. However, assuming that the law permits it to do so, the court will be inclined, as a matter of equity, to require that Baxter pay a fair amount to Valley for any modifications which the proof demonstrates were made at the express request of Baxter.

would suggest.[2]

Given the dollar amounts involved in this case, the likely cost of a trial, and the fact that each party appears to have colorable arguments in support of its position, it appears to this court that the parties would be well advised to reach an amicable resolution of this matter. Barring such a settlement, however, the court concludes that a trial will be necessary to resolve disputed issues of fact, and the motion for summary judgment is therefore due to be denied.

In light of the foregoing, it is ordered that Baxter's motion **[38-1]** for summary judgment is denied.

SO ORDERED, this the 13th day of October, 2006.

                                                  **/s/ Michael P. Mills**
                                                  **UNITED STATES DISTRICT JUDGE**

---

[2] In so concluding, the court would note that there exist other disputed fact issues in this case, including issues arising out of apparently defective work performed by a third company which had originally contracted to build the gasket application machine for Baxter. The court deems it unnecessary to discuss these issues at this juncture, other than to note that additional disputed issues of fact exist in this regard.